UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LEE O. HUDSON, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civ. Action No. 12-1193 (ESH) |
| UNITED STATES OF AMERICA *et al.*, | ) ) ) ) | |
| Respondents. | ) ) | |

MEMORANDUM OPINION

     This matter is before the Court on the Government's Opposition to the Petitioner's Petition for a Writ of Habeas Corpus. Because, as the government argues, D.C. Code § 23-110 deprives this Court of jurisdiction to entertain the instant petition, this case will be dismissed.

     In his sparsely worded habeas application, which is clarified somewhat by his affidavit filed in response to the government's opposition, petitioner states that on March 6, 2008, he was sentenced by the Superior Court of the District of Columbia to "36 months[,] 18 months probation" for cocaine distribution. (Pet. at 2.) On February 9, 2011, the Superior Court revoked petitioner's probation and sentenced him to "20 months imprisonment, with credit for time served, followed by 2 years of supervised release." (Pet'r's Affidavit [Dkt. 12].) Petitioner claims that he is wrongfully imprisoned because the new sentence subjected him to double jeopardy. (*Id.*)

     Under District of Columbia law, a prisoner convicted and sentenced in the Superior Court may file a motion in that court to vacate, set aside, or correct his sentence "upon the ground that

(1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia [or] (3) the sentence was in excess of the maximum authorized by law, [or] (4) the sentence is otherwise subject to collateral attack[.]" D.C. Code § 23–110(a).  It is established that claims arising out of a Superior Court judgment of conviction must be pursued in that court under D.C. Code § 23-110.  *See Blair-Bey v. Quick*, 151 F.3d 1036, 1042-43 (D.C. Cir. 1998); *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997).  An "application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . .  court if it appears  . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code §23-110(g).  Absent a showing of an inadequate or ineffective local remedy, "a District of Columbia prisoner has no recourse to a federal judicial forum." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986), *cert. denied*, 479 U.S. 993 (1986) (internal footnote omitted); *see accord Adams v. Middlebrooks*, 810 F. Supp. 2d 119, 124 (D.D.C. 2011).  "A remedy is inadequate or ineffective if it deprives the petitioner of 'any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.'" *Adams*, 810 F. Supp. 2d at 124 (quoting *In re Smith*, 285 F.3d 6, 8 (D.C. Cir. 2002)) (other citation omitted).

　　　　Since petitioner has not claimed, let alone shown, that his remedy under D.C. Code § 23-110 is inadequate or ineffective to test the legality of the challenged sentence, this case will be dismissed for lack of jurisdiction.  A separate Order accompanies this Memorandum Opinion.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　ELLEN SEGAL HUVELLE
　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

Date:   September 20, 2012